UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

THE RIDGE WALLET LLC,

                Plaintiff,

    v.

BEMMO INC.,

                Defendant.

Case No. 1:23-cv-02091-EK-TAM

**DEFENDANT BEMMO INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**Date of Service: October 12, 2023**

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. THE FAC SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ...............1

    A. Plaintiff's Unregistered Trade Dress Claim Is Unsupported (Count II) ...................1

        1. The FAC Does Not Precisely Define the Asserted Trade Dress .................1

        2. The FAC Fails to Allege Secondary Meaning.............................................2

        3. The FAC Fails to Allege that Non-Functionality .......................................3

        4. There Is No Plausible Likelihood of Confusion .........................................4

    B. Plaintiff's Patent Claim Is Unsupported (Count I) ...................................................5

        1. The FAC Does Not, and Cannot, Plausibly Allege Direct Infringement................................................................................................5

        2. The FAC Does Not, and Cannot, Plausibly Allege Indirect Infringement................................................................................................8

        3. The FAC Does Not, and Cannot, Plausibly Allege Willful Infringement................................................................................................9

        4. The FAC Does Not Plausibly Allege Any Basis for Pre-Suit Damages......................................................................................................9

    C. The FAC Should Be Dismissed With Prejudice .....................................................10

III. CONCLUSION......................................................................................................................10

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A to Z Machining Serv., LLC v. Nat"l Storm Shelter, LLC*,
 No. CIV-10-422-C, 2011 WL 6888543 (W.D. Okla. Dec. 29, 2011) ...................9, 10

*Blackbird Tech LLC v. Argento SC By Sicura, Inc.*,
 No. 21CV11018 (DLC), 2022 WL 3701084 (S.D.N.Y. Aug. 26, 2022)................................10

*Bot M8 LLC v. Sony Corp. of Am.*,
 4 F.4th 1342 (Fed. Cir. 2021) ...............................................................................7

*Bubble Genius LLC v. Smith*,
 239 F. Supp. 3d 586 (E.D.N.Y. 2017) ...................................................................2

*Car-Freshner Corp. v. Scentex, Inc.*,
 No. 88-CV-1247, 1989 WL 47373 (N.D.N.Y. May 4, 1989),
 *aff'd*, 927 F.2d 594 (2d Cir. 1991)........................................................................5

*Carson Optical, Inc. v. Prym Consumer USA, Inc.*,
 11 F. Supp. 3d 317 (E.D.N.Y. 2014) .....................................................................3

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
 859 F.3d 1352 (Fed. Cir. 2017) (cited by Mot. ) ...................................................8

*Eagle Pharms., Inc. v. Slayback Pharma LLC*,
 382 F. Supp. 3d 341 (D. Del. 2019),
 *aff'd*, 958 F.3d 1171 (Fed. Cir. 2020) ...................................................................7

*Eliya, Inc. v. Steven Madden, Ltd.*,
 No. 15-CV-1272, 2018 WL 1796228 (E.D.N.Y. Jan. 11, 2018),
 *adopted*, 2018 WL 1027157 (Feb. 22, 2018),
 *aff'd*, 749 F. App'x 43 (2d Cir. 2018)....................................................................4

*In re Ferrellgas Partners, L.P., Sec. Litig.*,
 No. 16 CIV. 7840 (RJS), 2018 WL 2081859 (S.D.N.Y. Mar. 30, 2018),
 *aff'd*, 764 F. App'x 127 (2d Cir. 2019).................................................................10

*Focus Prod. Grp. Int'l, LLC v. Kartri Sales Co., Inc.*,
 454 F. Supp. 3d 229 (S.D.N.Y. 2020)....................................................................2

*Guzik Tech. Enters., Inc. v. W. Digital Corp.*,
 No. 11-CV-3786-PSG, 2012 WL 1669355 (N.D. Cal. May 11, 2012) ..................8

*Knitwaves, Inc. v. Lollytogs Ltd. Inc.*,
  71 F.3d 996 (2d Cir. 1995)...................................................................................................3

*Mosaic Brands, Inc. v. Ridge Wallet LLC*,
  No. 2:20-cv-04556-AB, 2020 WL 6821013 (C.D. Cal. Oct. 29, 2020) ..............................1, 2

*Ottah v. Fiat Chrysler*,
  884 F.3d 1135 (Fed. Cir. 2018)..........................................................................................7, 8

*In re Owens-Corning Fiberglas Corp.*,
  774 F.2d 1116 (Fed. Cir. 1985).............................................................................................4

*Qualitex Co. v. Jacobson Prod. Co.*,
  514 U.S. 159 (1995)...............................................................................................................4

*Shandong Shinho Food Indus. Co. v. May Flower Int'l, Inc.*,
  521 F. Supp. 3d 222 (E.D.N.Y. 2021) ..................................................................................2

*Spin Master v. Aciper*,
  No. 19-CV-6949 (VSB), 2022 WL 992888 (S.D.N.Y. Apr. 1, 2022) ...................................5

*Urb. Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*,
  No. 12 CIV. 3599, 2013 WL 866867 (S.D.N.Y. Mar. 8, 2013) ............................................3

*Wonderful Co. LLC v. Nut Cravings Inc.*,
  No. 1:21-CV-03960 (MKV), 2022 WL 4585344 (S.D.N.Y. Sept. 29, 2022) .......................2

*Wonderful Co. LLC v. Nut Cravings Inc.*,
  No. 1:21-CV-03960 (MKV), 2023 WL 6279197 (S.D.N.Y. Sept. 26, 2023) ....................3, 5

*Worldwide Home Prod., Inc. v. Time, Inc.*,
  No. 11 CIV. 03633 LTS, 2012 WL 6705876 (S.D.N.Y. Dec. 21, 2012) ..............................9

*Yurman Design, Inc. v. PAJ, Inc.*,
  262 F.3d 101 (2d Cir. 2001)..................................................................................................1

**Statutes**

15 U.S.C. § 1125(a)(3)....................................................................................................................3

35 U.S.C. § 271(b) ..........................................................................................................................8

35 U.S.C. § 271(c) ..........................................................................................................................8

35 U.S.C. § 287........................................................................................................................9, 10

Leahy-Smith America Invents Act, 125 Stat. 288, Pub. L. 112–29 ...............................................9

Trademark Amendments Act of 1999, 113 Stat. 218, Pub. L. 106–43..........................................3

**I.     INTRODUCTION**

Plaintiff's[1] Opposition, dated October 2, 2023 ("Opp'n"), fails to substantively address the primary arguments raised in Defendant's Motion to Dismiss. Instead, Plaintiff largely ignores Defendant's cited case law and seeks to muddle the issues. This is because Plaintiff continues to broadly seek to prevent competitors from selling a wallet with a "forged carbon" pattern in a red color; and to assert the '808 Patent beyond the scope of its claims.

**II.    THE FAC SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

    **A.    Plaintiff's Unregistered Trade Dress Claim Is Unsupported (Count II)**

        **1. The FAC Does Not Precisely Define the Asserted Trade Dress**

Defendant's Motion explains that Plaintiff's trade dress claim should be dismissed at the outset because Plaintiff does not articulate its alleged trade dress with precision; instead, it is described in several ways and with open-ended descriptors like "includes." (Mot. at 4–6.) Plaintiff does not directly address these arguments, insisting that is difficult to define its alleged trade dress because it is "decorative." (Opp'n at 4 (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 117 (2d Cir. 2001)).) But the *Yurman* case highlights why a precise identification of the alleged trade dress is especially important when it comes to product design. "Product design is driven primarily by the usefulness or aesthetic appeal of the object; trade dress protection for product design therefore entails a greater risk of impinging on ideas as compared with protection of packaging or labeling." *Yurman*, 262 F.3d at 116; *see also, e.g.*, *Mosaic Brands, Inc. v. Ridge Wallet LLC*, No. 2:20-cv-04556-AB (JCx), 2020 WL 6821013, at *6 (C.D. Cal. Oct. 29, 2020) ("Identifying the trade dress with particularity is important given the general rule that 'generic

---

[1] All defined terms are used in the same manner as in Defendant's opening memorandum, dated August 31, 2023 ("Mot.") in support of its Motion to Dismiss. All internal quotations, modifications, and citations are omitted, and emphasis is added herein unless otherwise indicated.

1

product designs are unprotectable even upon showing of a secondary meaning.'").

Contrary to Plaintiff's arguments, Plaintiff's description of the alleged trade dress is not "sufficiently precise." (Opp'n at 4.) The cases Plaintiff cites in support do not have "comparable descriptions" to Plaintiff's open-ended description here. *See Shandong Shinho Food Indus. Co. v. May Flower Int'l, Inc.*, 521 F. Supp. 3d 222, 256, 260–61 (E.D.N.Y. 2021) (describing alleged product packaging trade dress by listing five elements); *Focus Prod. Grp. Int'l, LLC v. Kartri Sales Co., Inc.*, 454 F. Supp. 3d 229, 237–38, 249–51 (S.D.N.Y. 2020) (describing alleged product design trade dress by listing specific product elements and their positioning).

Tellingly, although Plaintiff attempts to distinguish Defendant's cited case law, Plaintiff omits any discussion of the case in which **Plaintiff** argued that a plaintiff asserting unregistered trade dress must "clearly list[] and describe[]" the "elements of the alleged trade dress" without the use of "open-ended language" like the term "including." *Mosaic Brands, Inc. v. Ridge Wallet LLC*, No. 2:20-cv-04556-AB (JCx), Ridge Wallet's Motion to Dismiss at 13–14 (C.D. Cal. Oct. 29, 2020), ECF No. 45. Because Plaintiff has not [i]dentif[ied its asserted] trade dress with particularity," dismissal is appropriate. *Mosaic Brands*, 2020 WL 6821013, at *6.

### 2. The FAC Fails to Allege Secondary Meaning

Plaintiff argues that the FAC sufficiently alleges secondary meaning by because Plaintiff has spent "millions of dollars" in advertising over the past two years. (Opp'n at 8–9 (quoting FAC ¶ 28).) But "this one vague allegation is insufficient to indicate that any of the advertisements ***stressed or emphasized the alleged trade dress***." *Wonderful Co. LLC v. Nut Cravings Inc.*, No. 1:21-CV-03960 (MKV), 2022 WL 4585344, at *3 (S.D.N.Y. Sept. 29, 2022) (*see also* Mot. at 7–8 (collecting cases)). Likewise, customer "reviews and testimonials are not actual surveys" that would support secondary meaning, especially where they do not discuss "elements comprising the claimed trade dress." *Bubble Genius LLC v. Smith*, 239 F. Supp. 3d

2

586, 599 (E.D.N.Y. 2017). And, sales success alone "without any details of plaintiffs' efforts to associate the [product's] trade dress with [plaintiff], fails to support an inference of consumer identification with the alleged trade dress." *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 344 (E.D.N.Y. 2014); (*see* Mot. at 8.) Plaintiff's short period of alleged use, i.e., less than two years, also weighs against a finding of secondary meaning. *See, e.g.*, *Urb. Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, No. 12 CIV. 3599, 2013 WL 866867, at *5 (S.D.N.Y. Mar. 8, 2013) ("[F]ive years is not sufficient to outweigh the factors militating against a finding of secondary meaning."). In sum, Plaintiff's allegations of secondary meaning are entirely conclusory and insufficient to withstand dismissal. (*See also* Mot. at 7–9.)

### 3. The FAC Fails to Allege that Non-Functionality

Plaintiff argues that it met its burden to plead non-functionality merely by alleging that other designs are available. (Opp'n at 5–6 (citing FAC ¶¶ 48–49).) "But the fact of potential alternative designs does not establish that a claimed trade dress feature is nonfunctional." *Wonderful Co. LLC v. Nut Cravings Inc.*, No. 1:21-CV-03960 (MKV), 2023 WL 6279197, at *7 (S.D.N.Y. Sept. 26, 2023) (dismissing unregistered trade dress claims); (*see also* Mot. at 10–12).

Plaintiff's reference to the *Knitwaves* case is inapt. (Opp'n at 6 (citing *Knitwaves, Inc. v. Lollytogs Ltd. Inc.*, 71 F.3d 996, 1006 (2d Cir. 1995)). First, the *Knitwaves* case, which found that "the burden . . . falls on the defendant to prove functionality," 71 F.3d at 1006, has since been abrogated by the addition of 15 U.S.C. § 1125(a)(3) by the Trademark Amendments Act of 1999, which put the burden on "the person who asserts trade dress protection" to show "that the matter sought to be protected is not functional." Moreover, *Knitwaves* ultimately found that the asserted sweater designs were "primarily aesthetic," and thus not protectable trade dress since "the designs were not primarily intended as source identification." 71 F.3d at 1009. Plaintiff's asserted trade dress is unprotectable for at least the same reason.

3

Plaintiff's references to the *Qualitex* and *Owens-Corning* cases are likewise irrelevant, as aesthetic functionality was not an issue in those cases involving utilitarian (not fashion) items. *Qualitex Co. v. Jacobson Prod. Co.*, 514 U.S. 159, 165 (1995) (acknowledging that "sometimes color plays an important role (unrelated to source identification) in making a product more desirable" but finding that "the green-gold color" of the press pad at issue "serves no other function" other than "identif[ying] the press pads' source"); *In re Owens-Corning Fiberglas Corp.*, 774 F.2d 1116, 1121, 1123 (Fed. Cir. 1985) (explaining that aesthetically functionality "limit[s] an applicant's right to register a color for its goods" but finding that use of the color "pink" for fibrous glass insulation performs no non-trademark function).

### 4. There Is No Plausible Likelihood of Confusion

As discussed in Defendant's Motion, the FAC fails to plausibly allege a likelihood of confusion. (Mot. at 12–13.) With respect to *Polaroid* factor one, the alleged trade dress has only been in use for about two years and is not inherently distinctive, and thus cannot be considered to have any strength. With respect to factor two, Defendant's product is not "similar enough to" Plaintiff's "that a consumer might well confuse them," just like in the *Eliya* case:

**Eliya's Asserted Shoes**         **Steve Madden's Accused Shoe**

   

*Eliya, Inc. v. Steven Madden, Ltd.*, No. 15-CV-1272, 2018 WL 1796228, at *1–2, *9 (E.D.N.Y. Jan. 11, 2018), *adopted*, 2018 WL 1027157 (Feb. 22, 2018), *aff'd*, 749 F. App'x 43 (2d Cir. 2018).[2]

Rather, the accused product here utilizes a visually distinct design:

---

[2] Just like here, the plaintiff in the *Eliya* case "failed to adequately articulate the distinctive features that it claims comprise the [unregistered asserted] trade dress." *Id.* at *9.

4

| Plaintiff's Product | Defendant's Product |
|---|---|
|  |  |
| (FAC ¶ 81; ECF No. 13-9 at p. 10 of 19.) | (ECF No. 13-20 at p. 5 of 5; FAC ¶ 83.) |

The mere allegation that the accused product uses the colors black, gray and red on a wallet (*see* Opp'n at 13 (citing FAC ¶ 83)) is insufficient to plausibly allege a striking similarity.³ The FAC also does not allege any actual confusion (factor five).⁴ Plaintiff's assertion that Defendant's product was created after theirs, and its unsupported allegations of copying "do not support an inference of bad faith" (factor six). *Wonderful*, 2023 WL 6279197, at *6. And, "[a]s to the seventh factor, Plaintiff[] . . . offer[s] no allegations regarding the quality of Defendant's product." *Id.*

**B.     Plaintiff's Patent Claim Is Unsupported (Count I)**

**1. The FAC Does Not, and Cannot, Plausibly Allege Direct Infringement**

As illustrated in Defendant's Motion, neither of the two asserted claims of the '808 Patent can plausibly be construed to cover Defendant's accused wallet, at least because it does not have

---

³ Plaintiff still does not attempt to explain how an accused wallet that prominently displays Defendant's trademark could be confused as originating from Plaintiff. *See, e.g.*, *Car-Freshner Corp. v. Scentex, Inc.*, No. 88-CV-1247, 1989 WL 47373, at *6 (N.D.N.Y. May 4, 1989) ("[T]he prominent display of the different brand names . . . would lead the consumer to believe the products were manufactured by different companies."), *aff'd*, 927 F.2d 594 (2d Cir. 1991).

⁴ Plaintiff's passing reference to "post-sale" confusion (Opp'n at 13) is irrelevant as that doctrine only applies to "prestigious articles." *Spin Master v. Aciper*, No. 19-CV-6949 (VSB), 2022 WL 992888, at *6 (S.D.N.Y. Apr. 1, 2022).

5

a "removably" attached money clip that includes a "*hook*" of a "*tang*" that "engage[s]" with an "*undercut*" in the "recess" between the two sandwiching plates of the wallet. Instead, the money clip portion of the accused product is securely fastened to the plates of the wallet with *screws* that extend from the outer plate, through *holes* in the clip, to threaded holes in the inner plate.



|  '808 Patent | Accused Product |
|---|---|
| (ECF No. 13-12, '808 Pat., Figs. 12 & 13.) | (ECF No. 13-20 at 5.) |

Because the FAC does not (and cannot) plausibly allege that Defendant's accused wallet includes this required structure—and thus does not include every element of either of the asserted claims of the '808 Patent—dismissal is appropriate. (*See* Mot. at 13–18.)

As best understood, Plaintiff makes three arguments against dismissal, namely, that Defendant asks the Court to: (i) "limit the claims to a preferred embodiment"; (ii) "make a factual finding" and (iii) "construe the claims at" too early a stage. (Opp'n at 15–16.)

Plaintiff's first argument is not understood (and is not explained by Plaintiff). Far from "read[ing] limitations from a preferred embodiment described in the specification" (*id.* at 15), Defendant's Motion includes the exact text of each of the two asserted claims. (Mot. at 14–15.)

Plaintiff's second argument also fails. Defendant's Motion does not require the resolution

6

of any factual disputes; the asserted claims cannot plausibly be construed to cover the structure of the accused product (as it is shown in the FAC). Although *factual* allegations must be accepted as true at the pleadings stage, "ruling on claim scope is a matter of 'claim construction,' which is ultimately a question of law" that may be determined at the pleadings stage. *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1139 (Fed. Cir. 2018) (cited by Mot. at 18). Further, Plaintiff's "claim chart attached to the FAC as Exhibit 20" does not include any non-conclusory allegations that the accused product includes, *inter alia*, a "recess," an "undercut," or a "tang." (ECF No. 13-20 at 5.) This deficiency also warrants dismissal. *See, e.g.*, *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1355 (Fed. Cir. 2021) ("[M]ere recitation of claim elements and corresponding conclusions, without supporting factual allegations, is insufficient to satisfy the *Iqbal/Twombly* standard.").

Plaintiff's third argument is belied by the three Federal Circuit cases cited in Defendant's Motion which approved dismissal at the pleadings stage, after some discussion of the scope of the patent claims. (Mot. at 18.)[5] For example, the Federal Circuit found in the *Ottah* case that "[t]he district court correctly found that the 'book holder' cannot plausibly be construed to include or be the equivalent of a camera holder" at the motion to dismiss stage. 884 F.3d at 1141–42.

Plaintiff argues that the *Ottah* case is "inapposite" because "[t]he patent-in-suit there did not contain a single discussion of anything approaching a camera[.]" (Opp'n at 16.) However, the '808 Patent-in-suit here likewise does not contain a single discussion of any money clips being securely fastened to the wallet with screws. The '808 Patent does disclose the use of screws, but *only* with reference to attachment of the inner and outer plates of the wallet, further indicating that the "hooks" on the "tangs" of the '808 Patent's claimed money clip "cannot plausibly be construed

---

[5] Defendant's Motion inadvertently failed to note the subsequent history of the *Eagle Pharmaceuticals* case, which was affirmed by the Federal Circuit. *Eagle Pharms., Inc. v. Slayback Pharma LLC*, 382 F. Supp. 3d 341 (D. Del. 2019), *aff'd*, 958 F.3d 1171 (Fed. Cir. 2020).

to include or be the equivalent of" screw clearance holes. *Ottah*, 884 F.3d at 1141–42.

The prosecution history of the '808 Patent also indicates that its claims cannot plausibly be construed to cover the accused product. As explained in Defendant's Motion, Plaintiff added the money clip element to overcome the examiner's rejection, and the examiner allowed the claims after amendment because the prior art did "not have the limitation of the *recess* having an *undercut* operable to *engage a hook of the tang*." (Mot. at 16–18 (quoting U.S. Pat. Appl. No. 14/706,019, 8/31/20 Notice of Allowance).) This further supports dismissal. *Ottah*, 884 F.3d at 1141.

### 2. The FAC Does Not, and Cannot, Plausibly Allege Indirect Infringement

Plaintiff does not seriously oppose Defendant's arguments regarding the FAC's failure to plausibly allege induced or contributory infringement under 35 U.S.C. §§ 271(b) & (c). Plaintiff cites *no* case law in support of its arguments, aside from an unexplained attempt to distinguish just one of the nine cases cited in Defendant's Motion. (Opp'n at 16–18 (citing *Guzik Tech. Enters., Inc. v. W. Digital Corp.*, No. 11-CV-3786-PSG, 2012 WL 1669355, at *3 (N.D. Cal. May 11, 2012)).) Moreover, Plaintiff's description of *Guzik* misrepresents its holding. *Guzik* dismissed the indirect infringement claims because the pleading did not include "any facts that render it plausible that, with such knowledge [of direct infringement allegations of the patent] GTE has acted with the *specific intent* that is required" for indirect infringement. *Guzik*, 2012 WL 1669355, at *1, *3.

As discussed in Defendant's Motion, the case law is clear that "knowledge of the acts alleged to constitute infringement is not enough" to allege indirect infringement. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) (cited by Mot. at 20). Rather, both claims for induced and contributory infringement require plausible allegations of "knowledge that the [allegedly] induced acts constitute patent infringement." (Mot. at 19 (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011)).) The FAC's failure to provide any facts supporting specific intent warrants dismissal. (*See* Mot. at 20); *see*

8

*also, e.g.*, *Worldwide Home Prod., Inc. v. Time, Inc.*, No. 11 CIV. 03633 LTS, 2012 WL 6705876, at *3 (S.D.N.Y. Dec. 21, 2012) (dismissing induced infringement claim where, *inter alia*, the complaint did not "allege facts sufficient to support the inference that [the accused inducer] lacked a good faith basis to believe that the [accused product] did not infringe the [accused] Patent").

### 3. The FAC Does Not, and Cannot, Plausibly Allege Willful Infringement

Plaintiff also failed to rebut the Motion's specific arguments for dismissal of the FAC's claims of willful infringement. (*See* Opp'n at 16–18.) The FAC does not plausibly allege direct infringement and Plaintiff's pre-suit notices do not support a willfulness finding. (Mot. at 20–21.)

### 4. The FAC Does Not Plausibly Allege Any Basis for Pre-Suit Damages

Plaintiff argues that it has adequately pled "constructive notice" by pleading "(1) compliance with the marking statute [35 U.S.C. § 287] by virtual marking and (2) the details of the compliant virtual marking." (Opp'n at 18.) Plaintiff's argument misses the mark. The FAC pleads only that Plaintiff has included the patent number "***on its website***." (FAC ¶ 77; *see also* ECF No. 13-22.) Such activity ***does not comply*** with the marking statute:

> The statute's language is clear: ***the website "together with" either the word "patent" or "pat." must be marked on the item***. Accordingly, Plaintiffs' affixing their website to the [accused product], without including the word "patent" or the abbreviation thereof, fails to give notice under this subpart.

*A to Z Machining Serv., LLC v. Nat"l Storm Shelter, LLC*, No. CIV-10-422-C, 2011 WL 6888543, at *3 (W.D. Okla. Dec. 29, 2011) (cited by Mot. at 22) (discussing 35 U.S.C. § 287(a)).

Plaintiff argues that the *A to Z* case can be distinguished because it "predates the America Invents Act" (the "AIA"). (Opp'n at 18.) However, the *A to Z* case expressly discussed the AIA and ***applied that post-AIA version*** of § 287 in its analysis. 2011 WL 6888543, at *3 ("Pursuant to a 2011 amendment, constructive notice is also given by 'fixing thereon the word 'patent' or the abbreviation 'pat.' together with an address of a posting on the Internet, . . . that associates the

9

patented article with the number of the patent....'") (quoting post-AIA version of § 287). Plaintiff's blatant misrepresentation of the case law should not be tolerated.

Nor is it relevant that the *A to Z* case "was postured as a summary judgment motion." (Opp'n at 18.) The case simply confirms the relevant law—namely, that "a website alone [does] not satisfy the notice requirements under § 287(a)." 2011 WL 6888543, at *3. Thus, the FAC includes nothing more than a mere conclusory allegation that "Ridge has complied with 35 U.S.C. § 287 with respect to the '808 Patent," (FAC ¶ 77), which is insufficient. *See e.g.*, *Blackbird Tech LLC v. Argento SC By Sicura, Inc.*, No. 21CV11018 (DLC), 2022 WL 3701084, at *1 (S.D.N.Y. Aug. 26, 2022) (dismissing pre-suit damages where complaint merely alleged that "[a]ll marking requirements under 35 U.S.C. § 287 have been complied with"); (*see also* Mot. at 21–22).

### C. The FAC Should Be Dismissed With Prejudice

Plaintiff's Opposition argues that any dismissal be made without prejudice, based only on the notion that it is "the Court's 'usual practice'" to allow amendments. (Opp'n at 19.) However, dismissal with prejudice is warranted because Plaintiff has already had opportunities to amend its complaint, and because amendment would be futile. (Mot. at 23.) Plaintiff gives no indication as to ***how*** it would amend to remedy the deficiencies in the FAC. This also supports dismissal with prejudice. *See, e.g.*, *In re Ferrellgas Partners, L.P.*, *Sec. Litig.*, No. 16 CIV. 7840 (RJS), 2018 WL 2081859, at *20 (S.D.N.Y. Mar. 30, 2018) ("[T]he Second Circuit has consistently stated that district courts may deny leave to amend when plaintiffs request such leave in a cursory sentence on the last page of an opposition to a motion to dismiss, without any justification or an accompanying suggested amended pleading."), *aff'd*, 764 F. App'x 127 (2d Cir. 2019).

### III. CONCLUSION

For the reasons set forth above, and in Defendant's Motion, the FAC should be dismissed in its entirety with prejudice.

                                                   Respectfully submitted,

Dated: October 12, 2023              By: *s/ Tuvia Rotberg*
                                                   Tuvia Rotberg
                                                   Sandra A. Hudak
                                                   TARTER KRINSKY & DROGIN LLP
                                                   1350 Broadway
                                                   New York, NY 10018
                                                   Tel.:    (212) 216-8000
                                                   Fax:    (212) 216-8001
                                                   E-mail: trotberg@tarterkrinsky.com
                                                             shudak@tarterkrinsky.com

                                                 ***Attorneys for Defendant Bemmo Inc.***