UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE RIDGE WALLET LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BEMMO INC.,<br><br>    Defendant. | Case No. 1:23-cv-02091-EK-TAM |

**POST-HEARING STATUS REPORT**

Pursuant to the Court's Order (Dkt. No. 19), the parties, The Ridge Wallet, LLC ("Ridge" or "Plaintiff") and Bemmo, Inc. ("Bemmo" or "Defendant") hereby file this post-hearing status report addressing the following two issues: (1) an updated description of the asserted trade dress; and (2) an update regarding the parties' settlement discussions.

I. **UPDATED DESCRIPTION OF THE ASSERTED TRADE DRESS**

A. **Plaintiff's Position**

At the May 17, 2024 hearing regarding Defendant Bemmo Inc.'s pending Motion to Dismiss (Dkt. No. 17), the parties discussed an alternative description of the Asserted Trade Dress on the record. At the hearing, the parties agreed that a modification to the definition of the trade dress articulated in paragraph 44 of the Amended Complaint (Dkt. No. 13) to switch the word "includes" to "has" would be appropriate. Accordingly, Plaintiff submits the following updated description of the asserted trade dress:

1

The Ridge Forged Ember Trade Dress consists of the overall exterior appearance and styling of a compact wallet, which **has** an irregularly-shaped geometric red speckling pattern on a carbon fiber surface, consisting of various shades of gray and black, positioned to cover one or more of the wallet's exterior plates.

### B.    Defendant's Position

As discussed at the May 17, 2024 conference, Defendant disputes that Plaintiff has any trade dress rights in the design of Plaintiff's "Forged Ember" colorway of its slim wallet product. Further, although replacing the word "includes" may add some precision to the description (if it is replaced with a term like "consists of", rather than another open-ended word like "has"), the remainder of Plaintiff's proposed description is still imprecise.  (It is also inaccurate since Plaintiff's product does not use the design on just one of the two plates.)

Defendant submits that the following is a more accurate and specific description of the "overall exterior appearance and styling" of the product for which Plaintiff seeks to assert trade dress protection:

> A rectangular-shaped wallet with a half circle indentation cut out on an upper segment of a side wall, with an outer surface completely covered by a repeating pattern mimicking a forged carbon material, consisting of a black background with generally-rectangular medium and dark grey splotches that cover about 90% of the background, and red speckles that are about 5% of the size of the grey splotches and cover about 10% of the surface, and bears the "THE RIDGE CARBON" mark in black diagonally across from the half circle indentation.

## II.    SETTLEMENT DISCUSSIONS

The parties have met and conferred in person and by way of email and telephone correspondence and unfortunately, have not yet reached an agreement to settle this case.  The parties intend to continue discussions next week.

**<u>Ridge's Position:</u>**

Ridge has repeatedly attempted to gather information from Bemmo that would allow it to make an informed decision as to the value of this case for purposes of settlement; unfortunately, each of Ridge's attempts has been met with resistance.

Ridge's counsel met and conferred with Bemmo's counsel immediately following the hearing in the hallway of the Courthouse. During those discussions, Ridge reiterated its request for Bemmo to share sales information in advance of the date of the filing of this Status Report, in order for Ridge to make an informed settlement demand; Ridge contended (and continues to contend) that this is a reasonable request, as the next step in a patent and/or trade dress infringement case would be for discovery to open, whereby Ridge would request and rightly receive that information in the ordinary course of the discovery process. Bemmo's counsel indicated that her client would not provide any sales information, and took the stark (and incorrect position) that she would be unlikely to even produce the relevant information in discovery. Ridge's counsel informed Bemmo's counsel that it would be impossible for Ridge to make a settlement demand without these figures. That same day, Ridge's counsel followed up the in-person meet and confer with an email summarizing Ridge's position.

Hearing nothing from Bemmo's counsel, again on May 21, 2024, Ridge's counsel followed up by way of email, in an "attempt to advance the settlement ball."

That same day, Bemmo's counsel responded to Ridge's counsel's email, providing terms by which its client would agree to settle, but again challenging Ridge's entitlement to sales figures of the accused products -- which is again ordinary course discovery in any patent infringement case. In Ridge's view, this settlement offer fails to compensate for past and ongoing infringement, which accrues as each day passes and as additional infringing units are sold. Ridge's counsel

replied to Bemmo's email on May 23, 2024. Ridge did not hear back from Bemmo, and after some internal conferring, on May 28, 2024, Ridge again reached out to Bemmo's counsel with a reasonable cash settlement offer coupled with an agreement that Bemmo would cease and desist from selling infringing products on a going forward basis. On May 30, 2024, Bemmo's counsel responded that "it goes without saying that our client rejects the offer," and indicating that Bemmo now agrees to provide sales information from the date the lawsuit was filed. Bemmo's counsel further indicated that Ridge would receive such data in the "next few days."

Ridge will continue to meet and confer in good faith regarding settlement upon receipt of the pertinent sales information.

**Bemmo's Position**

Although Plaintiff's discussion of the parties' private discussions are inappropriate for this submission, Defendant feels compelled to briefly respond to Plaintiff's assertions above. First, Plaintiff's characterization of the parties' discussions are not accurate. For example, during the post-hearing discussions about whether Defendant would provide its highly confidential sales information to the in-house counsel of its competitor, Defendant's counsel reiterated Defendant's position that Plaintiff has not plausibly stated a claim for, *inter alia*, trade dress infringement or pre-suit damages for its patent infringement claim, and thus pre-suit sales figures should be irrelevant. Second, Defendant's settlement offers have always been walkaway offers with no monetary component—and thus Plaintiff's attempts to pry into Defendant's finances has no place in settlement discussions. In all events, because Plaintiff refused to participate in settlement discussions without sales information (and despite the baselessness of Plaintiff's claims), Defendant has agreed to provide some limited information in order to advance the ball.

While Defendant is hopeful that the parties can make progress on settlement discussions, the parties are currently very far apart. Plaintiff's last demand was $250K—i.e., more than it would cost Defendant to litigate the case (and the reason that "it goes without saying that [Defendant] rejects the offer"). Thus, while the parties will continue discussing settlement next week, Defendant believes that a decision on the motion to dismiss will be helpful in advancing those discussions.

Dated: May 31, 2024                                        Respectfully submitted,

*/s/ Matthew J. Weldon*                                    */s/ Sandra A. Hudak*

Matthew J. Weldon                                          Sandra A. Hudak
Caroline M. Vermillion                                     Tuvia Rotberg
**K&L GATES LLP**                                          **TARTER KRINSKY & DROGIN LLP**
599 Lexington Avenue                                       1350 Broadway
New York, NY 10022                                         New York, NY 10018
Tel.: (212) 536-4042                                       Tel.: (212) 216-8001
Matthew.Weldon@klgates.com                                 shudack@tarterkrinsky.com
Caroline.Vermillion@klgates.com                            trotberg@tarterkrinsky.com

Benjamin E. Weed
**The Ridge Wallet LLC**                                   **ATTORNEYS FOR DEFENDANT**
104 Main Street, Suite 2C                                  **BEMMO INC.**
Park Ridge, IL 60068
ben@ridge.com

**ATTORNEYS FOR PLAINTIFF**
**THE RIDGE WALLET LLC**