UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

THE RIDGE WALLET, LLC,

                    Plaintiff,        **MEMORANDUM & ORDER**
                                      23-CV-2091 (EK)(TAM)
       -against-

BEMMO INC.,

                    Defendant.

------------------------------------x

ERIC KOMITEE, United States District Judge:

        The Ridge Wallet, LLC brought this action against Bemmo Inc. for patent and trade-dress infringement. Bemmo has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Bemmo's motion is denied.

## I.  Background

        The following facts are drawn from the First Amended Complaint ("Compl."), ECF No. 13, and they are presumed true for purposes of this motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).[1]  The Court also takes notice of certain exhibits attached to the complaint and incorporated by reference therein. *E.g.*, *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

**A.    Ridge Wallet**

The Ridge Wallet, LLC ("Ridge Wallet") sells thin, hard-shelled wallets, among other offerings. Compl. ¶ 15. As of the filing of its complaint, Ridge Wallet had sold "over two million" wallets, making its compact wallets some of "the most distinct and recognizable" on the market. *Id.* ¶¶ 18-19. Because Ridge Wallet's design "has become synonymous with the brand itself," consumers have begun referring to competing compact wallets as "Ridge knock off wallets" or "generic ridge wallets." *Id.* ¶¶ 23-24.

**B.    The '808 Patent**

Ridge Wallet owns a patent protecting its wallet design: U.S. Patent No. 10,791,808 (the "'808 Patent").[2] *Id.* ¶ 14. The '808 Patent describes "a compact wallet substantially no larger than a credit card." '808 Patent 2:24-25.[3] Claims 1 and 14 of the patent are at issue in this case. *See* Compl. ¶ 70. Those claims are related and, in some ways, overlapping; both detail a "compact wallet" with "at least two rigid plates," an "encircling elastic band," a "channeling means" that "allow[s] freedom for the dynamic extension and contraction of the band," and "an auxiliary feature removably attached to at

---

[2] Ridge Wallet attached a copy of the '808 Patent to its complaint. *See* '808 Patent, ECF No. 13-12.
[3] Page numbers in citations to record documents other than briefs and patents refer to ECF pagination.

least one of the . . . rigid plates." '808 Patent 6:40-65

(Claim 1); *see also id.* at 7:43-67 (Claim 14).

C.     **The Alleged Trade Dress**

Ridge Wallet also seeks to protect its "Forged Ember"

trade dress, which

> consists of the overall exterior appearance and
> styling of a compact wallet, which has an
> irregularly-shaped geometric red speckling pattern on
> a carbon fiber surface, consisting of various shades
> of grey and black, positioned to cover one or more of
> the wallet's exterior plates.

Joint Post-Hearing Status Report 2, ECF No. 20.[4]  The complaint

includes an image of the Forged Ember wallet, taken from Ridge

Wallet's website:



**Forged Ember**
Aluminum-Infused Carbon
RIDGE WALLET
**$150**

Compl. ¶ 81.  Ridge Wallet alleges that the Forged Ember design

"has come to signify the high quality of the compact wallets" on

which it appears.  *Id.* ¶ 33-34.

---

[4] As discussed in more detail below, Ridge Wallet made a one-word
amendment to its trade-dress description after oral argument.

**D.   Bemmo and the Allegedly Infringing Product**

Bemmo Inc. ("Bemmo") began selling a competing wallet — the "Slim Wallet" — in 2021. *Id.* ¶ 50. Bemmo sells Slim Wallets on websites including Amazon.com, WhizzCart, and Supply Leader. *Id.* ¶ 54. It markets Slim Wallets as "lightweight" wallets designed to tuck "away in your pocket with no bulge" while still holding up to 10 cards and . . . 1–10 bills comfortably." *Id.* ¶¶ 52-53. Ridge Wallet provided the following image of the Bemmo Slim Wallet:



Claims Chart 5, ECF No. 13-20.

**E.   Pre-litigation Notices**

On January 10, 2023, and again on January 21, 2023, Ridge Wallet filed requests with Amazon to take down Bemmo's Slim Wallet listings, stating they were infringing the '808 Patent. Compl. ¶ 57. Bemmo's counsel responded with a letter

demanding "prompt retraction of the complaints."  ECF No. 13-18, at 2.  Ridge Wallet then sent Bemmo's counsel a cease-and-desist letter in February, again accusing Bemmo of infringing the '808 Patent.  ECF No. 13-19, at 2.  One month later, Ridge Wallet filed this action.

## II.  Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013).[5]  At the same time, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678.

---

[5] Although Federal Circuit law governs the substantive issues raised in this action, regional circuit law determines the applicable procedural standard under Rule 12(b)(6).  *E.g.*, *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).

## III. Discussion

## A.    Patent Infringement

Ridge Wallet alleges that Bemmo has committed direct, induced, and contributory infringement of the '808 Patent. Compl. ¶¶ 70-72, 75-76.  Although Ridge Wallet pleads all three forms of infringement as a single cause of action, they are appropriately considered as separate claims.  *See* 35 U.S.C. § 271 (enumerating each form of patent infringement).

Bemmo also challenges Ridge Wallet's ability to recover punitive damages for willful infringement, as well as its ability to recover pre-litigation damages.  Because it would be premature to assess claims for damages at this stage of this case, the Court reserves judgment on both issues.

### 1.    Direct Infringement

To directly infringe a patent, "the accused device must contain each limitation of the [patent] claim, either literally or by an equivalent."  *TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1379 (Fed. Cir. 2008).[6]  At

---

[6] When analyzing patent infringement, the Federal Circuit breaks down the constitutive parts of the claimed invention, terming each part a "limitation" or "element," and looking at infringement on a part-by-part basis.  *See V-Formation, Inc. v. Benetton Group SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005); *see also Festo Corp. v. Shoketsu Kunzoku Kogyo Kabushiki Co., Ltd.*, 234 F.3d 558, 563 n.1 (Fed. Cir. 2000).  It has used both "the term 'element'" and "the term 'limitation'" to refer to these constitutive parts of a patent claim.  *Festo Corp.*, 234 F.3d at 563 n.1.  This Order adopts the linguistic convention promoted by the Federal Circuit in *Festo Corp*: "It is preferable to use the term 'limitation' when referring to claim language and the term 'element' when referring to the accused device," thus maintaining a clear distinction between the terms.  *Id.*

the motion-to-dismiss stage, however, Ridge Wallet "is not required to plead infringement on an element-by-element basis." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). "Indeed, a plaintiff need not even identify which claims [of a patent] it asserts are being infringed." *In re Bill of Lading*, 681 F.3d at 1335. The complaint need only place the potential infringer on notice of "what products infringe [the patent] and how." *Golden v. Intel Corp.*, No. 2023-1257, 2023 WL 3262948, at *2 (Fed. Cir. May 5, 2023)." Here, Ridge Wallet sufficiently alleges that Bemmo's Slim Wallet infringes Claims 1 and 14 of the '808 Patent. Compl. ¶ 70.

Bemmo's motion to dismiss focuses on two related claim limitations, one from Claim 1 and one from Claim 14. *See* Defendant's Memorandum of Law ("Def. Mem.") 14-15, ECF No. 17-1. This Order will refer to the first limitation as the Auxiliary Feature Limitation:

> an auxiliary feature removably attached to at least one of the at least two rigid plates, the auxiliary feature having a tang insertable into a recess formed inside the at least two rigid plates, the tang having a hook, the hook extending at an angle to the tang, the hook engaging an undercut of the recess to prevent inadvertent dislodgment of the auxiliary feature from the recess.

'808 Patent 6:55-61. This Order will refer to the second limitation as the Recess Limitation:

> a recess formed inside of at least one of the at least two rigid plates, the recess operable to receive a

tang of an auxiliary feature, the recess having an
undercut operable to engage a hook of the tang to
prevent inadvertent dislodgment of the auxiliary
feature from the recess when the auxiliary feature is
removably positioned in at least one of the at least
two rigid plates, a hook extending at an angle to the
tang.

*Id.* at 7:56-63.

Bemmo argues that Ridge Wallet has failed to state a
claim for direct infringement because neither the Auxiliary
Feature Limitation nor the Recess Limitation is present in the
Slim Wallet: per Bemmo, the Slim Wallet does not have "a hook
that engages with an undercut in the recess between the two
sandwiching plates of the wallet." Def. Mem. 15. It instead
uses screws to connect its money clip to the body of the wallet,
making the clip non-removable. *Id.*

Bemmo's argument is premature. Assessing the merits
of its description of the Slim Wallet would require the Court to
undertake detailed claim construction without the aid of a
*Markman* hearing, expert testimony, or discovery. When a
defendant's argument turns on the construction of disputed
terms, "federal courts across the country routinely decline to
construe patent claims on a motion to dismiss because the
process for properly construing a patent claim is unsuited for a
motion to dismiss." *Everdry Marketing and Mgmt, Inc. v. Delves
& Giufre Enterprises, Inc.*, 319 F. Supp. 3d 626, 632 (W.D.N.Y.
2018) (citing cases); *see also Chewy, Inc. v. Int'l Bus. Machs.*

*Corp.*, No. 21-CV-1319, 2021 WL 3727227, at *9 (S.D.N.Y. Aug. 23, 2021) (such arguments are "best addressed after claim construction").

      The question at this stage is not whether the Slim Wallet *actually* meets the limitations, but whether Ridge Wallet's construction is "so unreasonable as to be amenable to rejection on a motion to dismiss." *Everdry Marketing*, 319 F. Supp. 3d at 632.  It clearly is not.  Ridge Wallet's Claims Chart illustrates its allegations: it contends that the upper ridge of the Slim Wallet's auxiliary feature — the money clip — bends, or "hooks," at an angle to form a tang that engages with and attaches to a recess in the wallet:





Claims Chart 5. A hook is simply a "piece of metal, or other hard or tough material, formed or bent into a curve or at an angle, for catching, holding, sustaining, or pulling anything." *Hook*, WEBSTER'S SECOND NEW INTERNATIONAL DICTIONARY (2d ed. 1959). Therefore, Ridge Wallet's interpretation is at least plausible.

Bemmo's citation to *Ottah v. Fiat Chrysler*, 884 F.3d 1135 (Fed. Cir. 2018), is inapposite. There, a *pro se* plaintiff alleged that the defendants' "mobile camera device[s]" infringed a patent for "a removable book holder." *Id.* at 1141. But the plaintiff's "only support" was "that the book holder [could] hold items other than books, whereby cameras should be deemed the equivalent of books." *Id.* This case presents, at minimum, a meaningfully closer question, as it compares wallets to wallets, rather than books to cameras.[7]

Ridge Wallet has pled sufficient facts to state a claim for direct infringement of the '808 Patent.

---

[7] Bemmo also argues that the doctrine of prosecution-history estoppel applies to limit the scope of the '808 Patent. Under that doctrine, "a patentee cannot narrowly claim an invention to avoid prosecution scrutiny by the PTO, and then, after patent insurance, use the doctrine of equivalents to establish infringement because the specification discloses equivalents." *Jonhson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1054 (Fed. Cir. 2002) (en banc). But the only prosecution history Bemmo cites is a notice of allowance explaining that the '808 Patent discloses prior art that "does not have the limitation of the recess having an undercut operable to engage a hook of the tang." Def. Mem. 18 (citing 8/31/20 Notice of Allowance). As discussed above, Ridge Wallet's Claims Chart expressly labels what it plausibly describes as a hook in the Slim Wallet money clips, and that hook, it says, attaches to the main wallet using a recess. As such, Bemmo's estoppel argument fails at this stage.

2.    <u>Induced and Contributory Infringement</u>

Bemmo argues that Ridge Wallet's induced- and contributory-infringement claims should be dismissed because Ridge Wallet has failed "to plausibly allege [Bemmo's] knowledge that the allegedly induced acts constitut[ed] patent infringement." Def. Mem. 18-19. Both indirect infringement claims require the plaintiff to prove scienter. "To establish contributory infringement, the patent owner must show," among other things, "that the accused infringer had knowledge of the patent." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). And induced infringement "requires knowledge that the induced acts constitute patent infringement." *Glob. Tech. Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).[8]

Ridge Wallet has adequately pled scienter. The complaint alleges that in early 2023, "Ridge filed Amazon takedown requests asserting that Bemmo's Slim Wallets infringed the '808 Patent." Compl. ¶ 57. When Bemmo wrote "demanding a prompt retracting of the complaints," *id.* at ¶ 58, Ridge Wallet responded "with its own Cease and Desist letter," "specifically charging it with infringement of at least the '808 Patent." *Id.* at ¶ 59. Given that exchange, Ridge Wallet plausibly alleges

---

[8] Bemmo also argues that Ridge Wallet has not adequately pled direct infringement, which is a prerequisite to pleading either form of indirect infringement. *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1374 (Fed. Cir. 2003). The Court already addressed Bemmo's direct-infringement arguments in Section III.A.1, *supra*.

that Bemmo knew its subsequent conduct, at least, was infringing.

Bemmo counters that this exchange shows that it "has always maintained that its accused wallets . . . *do not* directly infringe the '808 Patent." Def. Mem. 20. But a defendant's asserted "good-faith belief in noninfringement" does not require dismissal at this stage — rather, it "presents a factual question." *Smith & Nephew Inc. v. Arthrex, Inc.*, 603 F. App'x 981, 990 (Fed. Cir. 2015). Ridge Wallet's theories of indirect infringement therefore survive the motion to dismiss.

3.  <u>Willful Infringement</u>

Bemmo also challenges Ridge Wallet's claim for "punitive or increased damages" under Section 284 of the Patent Act, which can be recovered "in a case of willful or bad-faith infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 100 (2016). "Whether plaintiff can ultimately show that it is entitled to enhanced damages for . . . egregious infringement behavior is not relevant to the Court's consideration of a motion to dismiss." *SharkNinja Operating LLC v. Dyson, Inc.*, No. 23-CV-12372, 2024 WL 3596898, at *7 (D. Mass. July 30, 2024); *cf. City Nat'l Specialty Co. v. Ashley Furniture Indus., LLC*, No. 21-CV-05521, 2022 WL 2918121, at *3 (E.D.N.Y. July 21, 2022) ("Courts routinely deny motions to dismiss requests for punitive damages as procedurally improper

because such a request is not a cause of action subject to dismissal.")  "[B]ecause willful infringement primarily is a damages issue, the Court reserves ruling at this time."  *Klauber Bros., Inc. v. QVC, Inc.*, No. 1:19-CV-09321, 2020 WL 7029088, at *2 n.1 (S.D.N.Y. Nov. 30, 2020).

    4.   <u>Pre-Litigation Damages</u>

        Bemmo goes on to argue that Ridge Wallet's claim for pre-litigation damages should be dismissed because Ridge Wallet did not provide Bemmo with notice of infringement prior to the commencement of this lawsuit.  *See* Def. Mem. 21-23 (citing 35 U.S.C. § 287(a) (the "marking statute")).

        Section 287 does not provide a distinct cause of action, either.  It is titled "Limitation on damages and other remedies."  35 U.S.C. § 287.  As applicable here, it provides that when an inventor fails to provide adequate notice to the public that a given item is patented, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter."

        Ridge Wallet responds that it did provide adequate notice by "virtually" marking the product on its website, and alleged as much in its complaint.  Compl. ¶ 77.  Moreover, as noted above, Ridge Wallet alleges that it put Bemmo on notice through its cease-and-desist letter, which issued prior to the

commencement of this litigation.  Compl. ¶¶ 59-61; *see also* Section III.A.2, *supra*.  Given that, Bemmo's argument is not, at this stage, a basis to exclude all prelitigation damages.  And courts in the Second Circuit routinely hold that it is "premature" at the motion to dismiss stage to engage in more granular determinations regarding what form of damages may be appropriate.  *See, e.g.*, *Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.*, No. 2:17-CV-1642, 2017 WL 4535933, at *5 (E.D.N.Y. Oct. 7, 2017).

In pressing the argument now, Bemmo relies on district court decisions like *Blackbird Tech LLC v. Argento SC By Sicura, Inc.*, No. 21-CV-11018, 2022 WL 3701084, at *2.  *Blackbird* held that "[w]hen a complaint does not adequately allege compliance with the marking statute, a claim for pre-litigation damages may be dismissed on a Rule 12(b)(6) motion."  *Id.*  These cases typically rely on *Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed Cir. 2001).

But these decisions appear to overread the *Lans* decision.  There, the marking issue was dispositive because the plaintiff failed to provide *any* notice of infringement at any time before the patent expired, by way of marking or otherwise.  *See Lans*, 252 F.3d at 1328 ("Because Uniboard's licensees did not mark their products *and* because Uniboard did not inform the [defendant] Computer Companies of infringement before expiration

14

of the '986 patent, Section 287(a) prevents Uniboard from collecting damages from the Computer Companies." (emphasis added)). That is not the case here. Accordingly, the Court declines to resolve Ridge Wallet's prayer for pre-litigation damages at this stage.

**B.    Trade-Dress Infringement**

Ridge Wallet also alleges that Bemmo has committed trade-dress infringement in violation of Section 43(a) of the Lanham Act. To successfully plead trade-dress infringement, a plaintiff must (1) "articulate with precision the specific components of its claimed trade dress"; and allege that (2) the claimed trade dress is inherently distinct or has acquired secondary meaning; (3) the claimed trade dress is non-functional; and (4) there is a likelihood of confusion between its product and the defendant's product. *Cardinal Motors, Inc. v. H&H Sports Prot. USA Inc.*, 128 F.4th 112, 121-22 (2d Cir. 2025). Ridge Wallet has met each pleading requirement.

1.    <u>Precise Articulation</u>

To survive a motion to dismiss, the claimed trade dress "must be sufficiently precise as to some specific combination of components present in the trade dress (such as materials, contours, sizes, designs, patterns, and colors) so as to permit courts and juries to adequately evaluate the underlying claims at the appropriate juncture." *Id.* at 124-25.

15

Ridge Wallet's description of its Forged Ember trade dress easily meets this standard at this stage. Ridge Wallet defines the trade dress as (1) a "compact wallet," (2) that "has an irregularly-shaped geometric red speckling pattern," (3) "on a carbon fiber surface, consisting of various shades of gray and black," (4) "positioned to cover one or more of the wallet's exterior plates." Compl. ¶ 44. Ridge Wallet thus identifies a "specific combination" of materials, patterns, and colors that make up its claimed trade dress. *Cardinal Motors*, 128 F.4th at 124; *see, e.g.*, *Muddy Bites, Inc. v. Evergreen USA LLC*, No. 24-CV-07089, 2025 WL 1079494, at *7 (S.D.N.Y. Apr. 9, 2025) (finding plaintiff's identification of specific imagery and colors on a "rectangular, resealable container" sufficient).[9]

Bemmo argues that Ridge Wallet's description of the Forged Ember trade dress is imprecise in that it conflicts with other portions of the complaint. Specifically, Ridge Wallet alleged in several paragraphs of the complaint that it uses Forged Ember "on a variety of merchandise and products,"

---

[9] At oral argument, and in its briefing, Bemmo objected to Ridge Wallet's use of the word "includes" in its trade-dress description, which it argued was too "open-ended." *See, e.g.*, Def. Reply Br. 1, ECF No. 17-3. Ridge Wallet agreed to substitute the word "has." Joint Post-Hearing Status Report 1-2. When a plaintiff seeks to amend their complaint while a motion to dismiss is pending, courts may either deny "the motion as moot or consider[] the merits of the motion in light of the" amendment. *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 398 (E.D.N.Y. 2015). Because Bemmo had an adequate opportunity to respond to the amendment, the Court will consider the merits of Ridge Wallet's amended description, rather than beginning motion practice anew to address this one-word change. *See id.* at 399.

including key chains and knives.  Def. Mem. 5 (citing Compl. ¶¶ 14, 26, 32).  But Ridge Wallet has reiterated that one element of the Forged Ember trade dress it seeks to protect *here* is the "styling of a compact wallet."  *See* Joint Post-Hearing Status Report 1-2.  And no products other than wallets are relevant to Ridge Wallet's claims against Bemmo.

>    2.  <u>Secondary Meaning</u>

To assess the strength of any secondary meaning, courts consider "(1) advertising expenditures, (2) consumer studies linking the [dress] to a source, (3) unsolicited media coverage of the product, (4) sales success, (5) attempts to plagiarize the dress, and (6) length and exclusivity of the [dress's] use."[10]  *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 226 (2d Cir. 2012).  Because this is a fact-intensive inquiry, it "generally cannot be resolved on a motion to dismiss."  *Deckers Outdoor Corp. v. Next Step Grp., Inc.*, No. 23-CV-02545, 2024 WL 3459609, at *4 (S.D.N.Y. July 18, 2024) (collecting cases).

Ridge Wallet has adequately pled secondary meaning. It "has spent millions of dollars on marketing, advertising, and promoting its Forged Ember compact wallets."  Compl. ¶ 28.  Its trade dress has "received significant unsolicited coverage,"

---

[10] Ridge Wallet seemingly concedes that the Forged Ember trade dress is not "inherently distinctive."  *See* Pl.'s Resp. in Opp'n to Def. Bemmo Inc.'s Mot. to Dismiss 8, ECF. No. 17-2.

with "many reviewers . . . simply refer[ring] to the wallet as 'The Ridge Forged Ember Wallet.'" *Id.* at ¶¶ 31, 35. Sales have been substantial — Ridge Wallet "has sold millions of dollars' worth of products that display the Forged Ember Trade Dress." *Id.* ¶¶ 27, 32. And Ridge Wallet has pursued past infringers via Amazon takedown requests, cease-and-desist letters, litigation, and the like. *Id.* ¶ 37. The mere "lack of consumer surveys" in a complaint, *see* Def. Mem. 9, is not a basis for dismissal. *GeigTech East Bay LLC v. Lutron Elecs. Co., Inc.*, 352 F. Supp. 3d 265, 282 (S.D.N.Y. 2018).

3. <u>Non-Functionality</u>

Trade dress is functional — and therefore unprotected — if it "is essential to the use or purpose of the article or affects the cost or quality of the article," *Inwood Labs, Inc. v. Ives Labs, Inc.*, 456 U.S. 844, 851 n.10 (1982), such that allowing exclusive use of the trade dress "would put competitors at a significant non-reputation-related disadvantage." *Qualitext Co. v. Jacobson Prods., Co.*, 514 U.S. 159, 165 (1995). "[F]unctionality is a question of fact, [and] it is often premature to conclude that a plaintiff has failed to establish functionality at the motion to dismiss stage." *GeigTech*, 352 F. Supp. 3d at 278.

Ridge Wallet's allegations of non-functionality are sufficient at this stage. Compact wallets need not be decorated

with "Forged Ember" to sell or to perform their function.  That much is evident from Ridge Wallet's own product offerings, which include a "host of other compact wallets" that "do not use the Forged Ember Trade Dress."  Compl. ¶ 48.  Because there are "numerous variations and alternatives" to Forged Ember and "there is no evidence that [Ridge Wallet's] exclusive use of this secondary packaging would put any competitors at a significant disadvantage," the trade dress is appropriately deemed non-functional.  *L'Oreal USA, Inc. v. Trend Beauty Corp.*, No. 11-CV-4187, 2013 WL 4400532, at *21 (S.D.N.Y. Aug. 15, 2013) (collecting cases).

Bemmo argues, to the contrary, that "[t]he colors black and red are basic colors used in fashion articles."  Def. Mem. 10.  But "where, as here, the asserted trade dress extends to the overall look of the combination of features comprising a product . . . the Court must evaluate the distinctiveness and functionality of those features taken together, not in isolation."  *TushBaby, Inc. v. Jinjang Kangbersi Trade Co.*, No. 24-CV-6150, 2024 WL 4627452, at *5 (S.D.N.Y. Oct. 30, 2024).  And, taken as whole, Forged Ember consists of a "distinctive and arbitrary arrangement[] of predominantly ornamental features."  *Christian Louboutin*, 696 F.3d at 222.

4.    <u>Likelihood of Confusion</u>

"[W]hether or not there is a likelihood of confusion is a question of fact," *DC Comics Inc. v. Reel Fantasy, Inc.*, 696 F.2d 24, 26 (2d Cir. 1982), "that ordinarily does not lend itself to a motion to dismiss." *Van Praagh v. Gratton*, 993 F. Supp. 2d 293, 303 (E.D.N.Y. 2014).  To assess this element, courts apply the familiar *Polaroid* factors:

> (1) strength of the plaintiff's trade dress; (2) similarity of the trade dresses; (3) proximity of the products in the marketplace; (4) likelihood that the plaintiff will bridge the gap between the products (enter a market related to that in which the defendant sells its product); (5) evidence of actual confusion; (6) the defendant's bad faith; (7) quality of the defendant's product; and (8) sophistication of the relevant consumer group.

*Nat. Organics, Inc. v. Nutraceutical Corp.*, 426 F.3d 576, 578 (2d Cir. 2005).  But "[i]t is well settled" that courts need not address all eight factors "to find adequate pleading of a likelihood of confusion." *World Trade Ctrs. Ass'n, Inc. v. Port Auth. of New York & New Jersey*, No. 15-CV-7411, 2016 WL 8292208, at *2 (S.D.N.Y. Dec. 15, 2016) (collecting cases).

Ridge Wallet has adequately pled likelihood of confusion.  Taking its allegations as true, Ridge Wallet's Forged Ember trade dress is strong — the company has "scrupulously enforced and protected" the mark "against past infringers."  Compl. ¶ 37; *see The Morningside Grp. Ltd. v. Morningside Capital Grp., LLC*, 182 F.3d 133, 139 (2d Cir. 1999)

("[S]uccessful policing of a mark adds to its strength."). And Ridge Wallet and Bemmo's wallets are clearly sold in the same market — the online market for compact wallets. Compl. ¶¶ 29, 54 (specifically alleging that both wallets are sold on Amazon).

In response, Bemmo falls back on its argument regarding the generic nature of the components of Ridge Wallet's alleged trade-dress. Def. Mem. 12-13. But a side-by-side comparison of the two products, *see id.* at 13, only underscores the presence of a specific combination of aesthetic elements that might lead to consumer confusion.

## IV. Conclusion

For the foregoing reasons, Bemmo's motion to dismiss is denied.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    December 9, 2025
          Brooklyn, New York