UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
THE RIDGE WALLET, LLC,

        Plaintiff,

    -against-

BEMMO INC.,

        Defendant.
------------------------------------------------------------X

**ORDER**
23-CV-2091 (EK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

On March 17, 2023, Plaintiff commenced this action by filing a complaint. *See* ECF 1; *see also* Am. Compl., ECF 13 (filed on June 20, 2023). On October 12, 2023, Defendant filed a motion to dismiss the amended complaint, which the Honorable Eric R. Komitee denied on December 9, 2025. *See* Mot. to Dismiss, ECF 17; Order, ECF 27. Subsequently, the Court directed Defendant to answer the amended complaint by December 23, 2025. Dec. 11, 2025 ECF Scheduling Order.

In lieu of answering, defense counsel filed a letter on December 19, 2025, indicating their intent to withdraw because Defendant had discharged the firm the day prior, and requesting that the Court extend Defendant's deadline to answer and provide time for Defendant to retain new counsel. Letter, ECF 29. In response, the Court directed Defendant to have new counsel appear by January 21, 2026, warning Defendant that failure to have counsel appear may result in it being found in default. Dec. 22, 2025 ECF Order (citing 28 U.S.C. § 1654; *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132–33 (2d Cir. 2009)). When no new counsel appeared by that date, the Court re-ordered Defendant to have new counsel appear by February 6, 2026, and directed Plaintiff to file a status report, advising as to next steps, in the event no new counsel

appeared. Jan. 22, 2026 ECF Order. The Court reiterated its warning that failure to have counsel appear for the Corporate Defendant could result in it being found in default. *Id.* By February 12, 2026, Defendant still had not had new counsel appear, and Plaintiff filed a status report, indicating its intent to move forward with a default judgment against Defendant. *See generally* Docket; Status Report, ECF 31.

The Court scheduled a conference regarding defense counsel's motion to withdraw, which was held on March 4, 2026. *See* Feb. 13, 2026 ECF Scheduling Order; Mar. 4, 2026 ECF Min. Entry & Order. Moshe Gross, a representative of Bemmo Inc., appeared at the conference. *Id.* At the conference, the Court granted counsel's request to withdraw, directed Defendant to have new counsel enter their appearance by April 3, 2026, and directed Defendant to answer the complaint by April 17, 2026. *Id.* The Court also warned Mr. Gross that "[f]ailure to have counsel appear for the corporate Defendant may result in the corporate Defendant being found to be in default." *Id.* (citing 28 U.S.C. § 1654; *Berrios*, 564 F.3d at 132–33). Finally, the Court ordered that, should such filings not be received by their respective deadlines, Plaintiff was to file a status report, indicating next steps in this case, by April 25, 2026. *Id.*

New counsel did not appear for Defendant by April 3, 2026, nor was any answer filed by April 17, 2026, and on April 27, 2026, Plaintiff filed a status report, reiterating its intent to seek a default against Defendant. Status Report, ECF 36; *see generally* Docket. On April 28, 2026, the Court ordered Defendant to show cause in writing by May 12, 2026, "why this Court should not enter a default against Defendant as a sanction and direct Plaintiff to initiate default motion practice." Apr. 28, 2026 ECF Order to Show Cause (citing *Winwear Ltd. v. N. S. U.S. Inc.*, No. 22-CV-5418 (CBA) (TAM), 2025 WL 1309356, at *4 (E.D.N.Y. May 2, 2025), *report and recommendation adopted*, 2025 WL 2085825 (E.D.N.Y. July 24, 2025)); *see also* Apr. 29, 2026 Order (directing Plaintiff to serve

Defendant with a copy of the Order to Show Cause and the Clerk of Court to mail the Order to Defendant, in light of defense counsel's withdrawal); Certificate of Service, ECF 37 (certifying Plaintiff's mailing of the Court's Order To Show Cause to Defendant). To date, no response has been received.

Accordingly, Defendant has now failed to follow multiple Court orders. Defendant failed to answer the amended complaint by December 23, 2025; to have new counsel appear on its behalf by January 21, 2026, February 6, 2026, or April 3, 2026; and to file an answer by April 17, 2026. *See* Mar. 4, 2026 ECF Min. Entry & Order; *see generally* Docket. Defendant further failed to respond to the Court's April 28, 2026 Order to Show Cause. Apr. 28, 2026 ECF Order to Show Cause; *see generally* Docket.

Defendant's failure to abide by Court orders permits the Court to dispense with the entry of default, and the Court may proceed directly to default judgment practice. *See* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(vi) ("[T]he court where the action is pending may issue further just orders. They may include . . . rendering a default judgment against the disobedient party."). Notably, "[t]he requirement to seek entry of a default prior to moving for a default judgment does not apply to motions under Rule 37" and "Rule 37 does not contain the same two-step process as Rule 55, presumably because parties facing . . . sanctions under Rule 37 have often appeared," which prevents "the Clerk of the Court from entering a default." *Lemus v. Manhattan Car Wash, Inc.*, No. 06-CV-15486 (MHD), 2010 WL 4968182, at *7 n.2 (S.D.N.Y. Nov. 24, 2010); *see Loc. Union No. 40 of the Int'l Ass'n of Bridge v. Car-Win Const.*, 88 F. Supp. 3d 250, 262 (S.D.N.Y. 2015) (observing that "'[i]mposing sanctions pursuant to Rule 37 is within the discretion of the district court'" (quoting *World Wide*

3

*Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (internal quotation marks omitted) (alterations in original)); *see generally Winwear Ltd.*, 2025 WL 1309356, at *5 (discussing the factors considered in deciding whether entering a default judgment under Rule 37 is warranted).

A default judgment is consequential, and Plaintiff must provide full briefing on such a request to allow the Court to evaluate Defendant's liability and, if appropriate, calculate damages. Accordingly, the Court permits Plaintiff to move for default judgment against Defendant, no later than **June 12, 2026**, and to file a motion consistent with all applicable Local Rules. In lieu of attaching the certificate of default as required by Local Civil Rule 55.2, this Order should be appended to Plaintiff's motion for default judgment.

**SO ORDERED.**

Dated:  Brooklyn, New York
        May 20, 2026

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

4