UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

THE RIDGE WALLET, LLC,

Plaintiff,

-against-

BEMMO INC.,

Defendant.

------------------------------------x

**MEMORANDUM & ORDER**
23-CV-2091 (EK)(TAM)

ERIC KOMITEE, United States District Judge:

The Ridge Wallet, LLC ("Ridge Wallet") brings this action against Bemmo Inc. ("Bemmo") for patent and trade-dress infringement. Specifically, Ridge Wallet claims that Bemmo created knockoffs of its thin, hard-shelled "Forged Ember" wallets. Currently before the Court is Ridge Wallet's motion for (1) entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b); and (2) a permanent injunction. For the following reasons, Ridge Wallet's motion is granted.

## I. Background

The Court presumes familiarity with the factual background of this case, as set forth in our order on Bemmo's motion to dismiss. *See* ECF No. 27.

After the undersigned denied Bemmo's motion to dismiss, Magistrate Judge Merkl directed Bemmo to answer the complaint by December 23, 2025. *See* ECF No. 28. Rather than

answering, Bemmo's counsel filed a letter saying that they had been discharged, wished to withdraw as counsel in this matter, and needed an extension of Bemmo's deadline to answer. *See* ECF No. 29. In response, Judge Merkel directed Bemmo to have new counsel appear by January 21, 2026 and advised that failure to do so might result "in [Bemmo] being found to be in default." *See* docket order dated Dec. 22, 2025.

Thus began a series of extensions and warnings to Bemmo that if it did not obtain counsel, it would risk default. *See* Judge Merkel's May 20 Order 1-2, ECF No. 38. This culminated in Judge Merkl (1) permitting prior counsel to withdraw, *see* docket order dated Mar. 4, 2026; and (2) ordering Bemmo to show cause "why this Court should not enter a default against Defendant as a sanction and direct Plaintiff to initiate default motion practice." Docket order dated Apr. 28, 2026.

When Bemmo did not respond to the order to show cause, Judge Merkl concluded that its repeated "failure to abide by Court orders" permitted entry of default pursuant to Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A)(vi). Judge Merkel's May 20 Order 3. Accordingly, she granted Ridge Wallet permission to move for default judgment. *Id.* at 4. Ridge Wallet did so on June 12. *See* ECF No. 39. The deadline to file any opposition to Ridge Wallet's motion has long since passed, so we deem it fully briefed.

## II. Discussion

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. The first step is to obtain an entry of default. . . . The next step requires the plaintiff to seek a judgment by default under Rule 55(b)." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011).

### A. Entry of Default

At step one, we conclude that entry of default is warranted. "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, a district judge also possesses the inherent power to enter a default" against a defendant that fails to defend. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128-29 (2d Cir. 2011). And the Second Circuit has held that entry of default is appropriate under circumstances — like these — in which a corporate "defendant [has] affirmatively signaled to the district court its intention to cease participating in its own defense" and "withdr[awn] its counsel without retaining a substitute." *Id.* at 130.

### B. Motion for a Default Judgment

At step two, "we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer" should

entry of a default judgment be denied. *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). Here, all three factors counsel in favor of a default judgment.

*First*, Bemmo has a demonstrated "history of willful non-compliance with court orders." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013). As recounted in Judge Merkel's May 20 order, Bemmo received repeated orders to obtain new counsel and repeated warnings that failure to do so could result in the entry of a default judgment. *See* ECF No. 38, at 1-3. Accordingly, entry of a default judgment is appropriate. *See Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) ("[I]t was appropriate to enter a default judgment when . . . [t]he court was confronted by a recalcitrant party who failed to comply with its order to obtain counsel.").

*Second*, there is nothing to suggest that Bemmo would have a meritorious defense. "It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint." *Mickalis Pawn Shop*, 645 F.3d at 137. Still, "a district court need not agree that the alleged facts constitute a valid cause of action." *Id.* So, prior to entering default judgment, the court must "determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.* The Court

already did so here when we denied Bemmo's motion to dismiss. *See Henry v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024) ("[T]he standard for whether to award a default judgment resembles that applicable to a motion to dismiss."); *see also Sec. & Exch. Comm'n v. Shaohua Yin*, No. 17-CV-972, 2020 WL 6801915, at *3 (S.D.N.Y. Nov. 19, 2020) ("Having already decided that the complaint sufficiently states an insider trading claim, the Court need not rehash its previous analysis" in entering a default judgment.). And Bemmo has not raised any further defense.

*Finally*, Ridge Wallet would clearly suffer if the Court denied entry of a default judgment. This is not a case where the prejudice to the plaintiff is mere delay. *See New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005) (delay alone insufficient). Rather, Bemmo has clearly indicated that it refuses to participate further in this litigation, meaning Ridge Wallet has no avenue for relief other than a default judgment. *See, e.g.*, *Mason Tenders Dist. Council v. Duce Const. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *3 (S.D.N.Y. Apr. 25, 2003) ("In light of Defendants' failure to respond, there is no indication that requiring Plaintiffs to take further steps prior to a determination on the merits would be effective in eliciting a response from Defendants. Under these circumstances, denial of this motion would be unfairly prejudicial to Plaintiffs.").

Accordingly, Ridge Wallet's motion for a default judgment pursuant is granted.

**C. Motion for a Permanent Injunction**

Ridge Wallet also moves for a permanent injunction prohibiting Bemmo from making or selling any infringing products in the future. To establish entitlement to a permanent injunction, a party must show

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Ridge Wallet has fulfilled each of these requirements.

*First*, Ridge Wallet has suffered an irreparable injury. Under the Langham Act, a plaintiff that proves it has suffered infringement upon its trade dress is "entitled to a rebuttable presumption of irreparable harm." 15 U.S.C. § 1116(a). That presumption stands unrebutted here. As for Ridge Wallet's patent infringement claim, "[p]rice erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm." *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012). And Ridge Wallet's CEO submitted a declaration explaining that, while it used to be the only

supplier in the market for a "metal sandwich style wallet" and could "justify a price point over $100 per wallet," the proliferation of low-cost alternatives like Bemmo's "Slim Wallet" has put "downward pressure on where customers' anchor their fair market value of [this style of] wallet, eroding away the goodwill and brand awareness that Ridge has spent a decade creating." Frank Decl. ¶¶ 4-5, ECF No. 39-4.

*Second*, remedies at law are inadequate. Ridge Wallet cannot prove monetary damages since Bemmo defaulted before any discovery could take place and "has not provided any indication as to the number of units sold." Halverson Decl. ¶ 3, ECF No. 39-3. Indeed, Bemmo appears to have ceased operations entirely, at least for now. *See id.* ¶¶ 4-11 (describing how "Bemmo['s] Amazon Store Front appears to have been taken down" and its products marked "currently unavailable"). But a permanent injunction may still be necessary to prevent future infringement. "The fact that the defendant has stopped infringing is generally not a reason for denying an injunction against future infringement unless the evidence is very persuasive that further infringement will not take place." *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1281–82 (Fed. Cir. 1988), *abrogated on other grounds by eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

*Third,* the balance of hardships supports granting Ridge Wallet a permanent injunction. "One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *Windsurfing Int'l Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986). And, if Bemmo were to resume sales of its infringing wallets, Ridge Wallet would continue to face the downward price pressure and loss of good will and brand awareness described above.

*Finally*, an injunction would not disserve the public interest. "[T]he public interest nearly always weighs in favor of protecting property rights . . . especially when the patentee practices his inventions." *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 647 (Fed. Cir. 2015). And there are no "countervailing factors" here, like the need to prevent the public from being deprived of lifesaving drugs or the need to prevent a monopoly from expanding in scope. *Id.* Accordingly, Ridge Wallet's motion for a permanent injunction is granted.

However, Ridge Wallet's proposed injunction is too broad as written. "[U]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law." *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996). And simply enjoining Bemmo from infringing upon — or "[a]iding, abetting, contributing to, or otherwise assisting

anyone in infringing upon" — Ridge Wallet's patent and trade dress is little more than a command to obey the law. *See* Pl.'s Br. 14, ECF No. 39-1. Accordingly, the Court will issue a narrower injunction, enjoining Bemmo or any individual acting on its behalf from offering for sale, selling, or importing into the United States the infringing product — its "Forged Carbon Red" or "Slim Wallet" — and from aiding and abetting such conduct.

## III. Conclusion

For the foregoing reasons, Ridge Wallet's motion for a default judgment is granted. The Clerk of Court is respectfully directed to issue a default judgment enjoining Bemmo, or any individual acting on its behalf, from offering for sale, selling, or importing into the United States the product known as the Bemmo "Forged Carbon Red" or "Slim Wallet," and from aiding or abetting such conduct. After issuing judgment, the Clerk shall close this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 30, 2026
Brooklyn, New York